Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| ISLA VERDE HOLDINGS, LLC<br><br>Parte Recurrida<br><br>v.<br><br>GOLDEN RE, LLC, GOLDEN DEBT, LLC, SR. RAMÓN CALDERÓN (PRESIDENTE) ISLA VERDE HOLDINGS LLC Y OTROS<br><br>Parte Peticionaria | TA2025CE00269 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: DO2018CV00096<br><br>Sobre: Incumplimiento de Contrato, Cumplimiento Específico de Contrato Dolo, Daños |

Panel integrado por su presidenta, la Jueza Romero García, la Jueza Díaz Rivera y el Juez Monge Gómez.

Díaz Rivera, Jueza Ponente

# R E S O L U C I Ó N

En San Juan, Puerto Rico, a 25 de agosto de 2025.

Comparecen ante *nos* Ramón Calderón, Holsum of Puerto Rico Inc. y Pueblo, Inc. (en conjunto, los peticionarios) y nos solicitan que revisemos y revoquemos una *Resolución y Orden* emitida el 28 de julio de 2025 y notificada el 29 de julio de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Bayamón. Mediante dicho dictamen, el foro primario declaró *Ha Lugar* la *Moción para Compeler Descubrimiento de Prueba* que presentaron Golden RE, LLC y Golden Debt, LLC (en conjunto, los recurridos).

Por los fundamentos antes expuestos, se *deniega* la expedición del auto de *certiorari*.

**I.**

Surge del expediente ante *nos* que, el 27 de julio de 2018, Isla Verde Holdings, LLC., presentó una *Demanda* en contra de la parte recurrida, sobre incumplimiento de contrato, dolo contractual, cumplimiento específico y daños y perjuicios. Ese mismo día, Isla Verde Holdings, LLC., presentó una *Urgente Solicitud de Remedio Provisional: Prohibición de Enajenar*. Tras varios incidentes procesales, innecesarios pormenorizar, el 9 de octubre de 2018, la parte recurrida presentó una *Contestación a la Demanda y Reconvención*.

Posteriormente, el 23 de septiembre de 2019, los recurridos presentaron una *Demanda Contra Terceros* en contra de la parte peticionaria. Así, el 27 de diciembre de 2019, Holsum of Puerto Rico, Inc., presentó una *Contestación a Demanda Contra Terceros*. Asimismo, el 2 de enero de 2020, Ramón Calderón y Pueblo, Inc., presentaron una *Contestación a Demanda Contra Terceros*. Subsiguientemente, el 9 de octubre de 2020, Isla Verde Holdings, LLC., presentó una *Demanda Enmendada*. Mediante la misma, añadió como demandados a Greene Family Bridgehampton, LLC., PDP Holdings, LLC., EDSE y al Lcdo. David Efrón. Además, añadió causas de acción por interferencia torticera con relaciones contractuales, contratos en daño a terceros, promesa bilateral de compraventa y para descorrer el velo corporativo.

Así las cosas, el 30 de junio de 2023, la parte recurrida cursó un *Primer Pliego de Interrogatorios y Producción de Documentos* a la parte peticionaria. Consecuentemente, el 10 de agosto de 2023, la parte recurrida presentó una *Moción en Solicitud de Orden*. En esta, solicitó al TPI que emitiese una orden dirigida a la parte peticionaria para que cumpliese con su deber de notificar las correspondientes contestaciones a los interrogatorios y solicitud de producción de documentos. Ese mismo día, el foro primario emitió una *Orden*

mediante la cual le ordenó a la parte peticionaria a que en un término de diez (10) días cumpliera con notificar las correspondientes contestaciones a los interrogatorios y solicitud de producción de documentos.

Luego de varios incidentes procesales, el 9 de febrero de 2024, la parte recurrida presentó una *Moción para Compeler Descubrimiento de Prueba [...]*. A grandes rasgos, solicitó al foro primario que emitiese una orden para compeler a los peticionarios a contestar y proveer en un término de diez (10) días una respuesta cabal y completa a ciertas preguntas del interrogatorio. El 2 de octubre de 2024, el TPI emitió una *Resolución y Orden* mediante la cual ordenó a los peticionarios a notificar las contestaciones suplementarias al pliego de interrogatorios y requerimiento de producción de documentos en un término de veinte (20) días.

El 16 de enero de 2025, la parte recurrida presentó una *Moción para Compeler Descubrimiento de Prueba*. En síntesis, solicitó que se ordene a la parte peticionaria la producción integra de los estados financieros auditados con el estado de ingresos y gastos y el estado de flujo de efectivo.

Oportunamente, el 27 de enero de 2025, la parte peticionaria presentó una *Oposición a Moción para Compeler Descubrimiento de Prueba*. Planteó que las planillas de contribución sobre ingresos nunca fueron objeto de la solicitud original de la parte recurrida. Además, argumentó que los estados financieros auditados contienen toda la información que la parte recurrida pretende obtener. Indicó que el Código de Rentas Internas de Puerto Rico prohíbe la divulgación de las planillas, salvo circunstancias excepcionales que no están presentes en este caso. Por último, expresó que las planillas están protegidas por el derecho constitucional a la intimidad, que también cobija a las personas jurídicas.

Mientras, el 28 de enero de 2025, la parte recurrida presentó una *Réplica a Oposición a Moción para Compeler Descubrimiento de Prueba*. Entretanto, el 28 de julio de 2025, el TPI emitió una *Resolución y Orden*, notificada el 29 de julio de 2025, mediante la cual declaró *Ha Lugar* la *Moción para Compeler Descubrimiento de Prueba* que presentó la parte recurrida. Así, concluyó el foro primario, entre otras cosas, que:

> Los terceros demandados aparentan estar reiterando las objeciones que previamente esgrimieron y que fueron rechazadas, es decir, plantean que se trata de los mismos estados financieros que están disponibles en el Departamento de Estado. Reiteramos que ese planteamiento ya fue rechazado por el tribunal. Los terceros demandados no recurrieron de tal determinación.

> Por lo anterior, y para dar cabal cumplimiento a las ordenes previamente emitidas al respecto, los terceros demandados tienen la obligación de cumplir con el descubrimiento de prueba y con la producción de los informes financieros de Holsum y Pueblo desde el año 2018 hasta el presente, incluyendo el estado de flujo de efectivo, el estado de ingresos y gastos, y las notas de contabilidad.

Inconforme, el 8 de agosto de 2025, la parte peticionaria compareció ante nos mediante una *Petición de Certiorari* y alegó la comisión de los siguientes errores:

1. **EL TPI ERRÓ AL CONCLUIR QUE LA INFORMACIÓN SOLICITADA POR GOLDEN ES RELEVANTE Y AL ORDENAR LA PRODUCCIÓN DE DICHA INFORMACIÓN SENSITIVA DE NEGOCIOS A PERSONAS DIRECTAMENTE IDENTIFICADAS Y EMPLEADAS POR LA COMPETENCIA.**

2. **EL TPI ERRÓ AL CONCLUIR QUE YA HABÍA ATENDIDO LOS ARGUMENTOS; GOLDEN NUNCA HABÍA SOLICITADO EL ESTADO DE INGRESOS Y GASTOS Y EL ESTADO DE FLUJO DE EFECTIVO Y LAS NOTAS DE ESTOS ESTADOS FINANCIEROS.**

3. **EL TPI ERRÓ AL ORDENAR LA PRODUCCIÓN YA QUE LOS DOCUMENTOS A SER PRODUCIDOS SON CONFIDENCIALES BAJO EL CÓDIGO DE RENTAS INTERNAS.**

4. **EL TPI ERRÓ AL ORDENAR LA PRODUCCIÓN DE INFORMACIÓN PERMEADA DE SECRETOS DE NEGOCIOS.**

5. **EL TPI ERRÓ AL ORDENAR LA PRODUCCIÓN DE INFORMACIÓN PRIVILEGIADA.**

El 11 de agosto de 2025, la parte peticionaria presentó una *Urgente Moción en Auxilio de Jurisdicción*. Ese mismo día, la parte recurrida presentó una *Urgente Oposición a Urgente Moción en Auxilio de Jurisdicción*. El 12 de agosto de 2025, la parte recurrida presentó una *Réplica a Oposición a Urgente Moción en Auxilio de Jurisdicción [...]*. En igual fecha, emitimos una *Resolución* mediante la cual ordenamos la paralización de los procedimientos ante el TPI y concedimos un término de diez (10) días a la parte recurrida para presentar su posición al recurso de *certiorari*.

El 22 de agosto de 2025, la parte recurrida presentó un *Memorando en Oposición a la Expedición del Auto de Certiorari*. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A.** *Certiorari*

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari*

solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari.* Véase, *Scotiabank v. ZAF Corp.,* 202 DPR 478 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649 (2000); *Lluch v. España Service Sta.,* 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En

lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase,

además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

**III.**

Habida cuenta de que el recurso ante nuestra consideración se trata de un *certiorari,* este tribunal intermedio debe determinar, como cuestión de umbral, si procede su expedición.

En el caso ante *nos,* la parte peticionaria planteó que erró el TPI al concluir que la información solicitada por la parte recurrida es relevante y al ordenar la producción de dicha información sensitiva de negocios a personas directamente identificadas y empleadas por la competencia. Señaló que erró el foro primario al concluir que ya había atendido los argumentos; la parte recurrida nunca había solicitado el estado de ingresos y gastos y el estado de flujo de efectivo y las notas de estos estados financieros.

Indicó, además, que incidió el TPI al ordenar la producción ya que los documentos a ser producidos son confidenciales bajo el Código de Rentas Internas de Puerto Rico. Asimismo, adujo que erró el foro primario al ordenar la producción de información permeada de secretos de negocios. Finalmente, esgrimió que erró el TPI al ordenar la producción de información privilegiada.

Como es sabido, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* No debemos obviar que, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago, supra.*

Así pues, puntualizamos, que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.

*Rivera et al. v. Arcos Dorados et al., supra.* A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones del foro primario, de cuyas determinaciones se presume su corrección.

Tras evaluar cuidadosamente el recurso presentado por la parte peticionaria, y luego de una revisión de la totalidad del expediente ante *nos,* específicamente de la *Resolución y Orden* recurrida, es nuestra apreciación que no se configuran ninguna de las excepciones que justificaría la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* Así, los fundamentos aducidos en el recurso presentado, no nos mueven a activar nuestra función discrecional en el caso de epígrafe. Esto, pues no nos encontramos ante una determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra intervención revisora. Tampoco la parte peticionaria nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un fracaso de la justicia.

Por lo tanto, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo en esta etapa de los procedimientos.

**IV.**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones